IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01223-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, as Subrogee of Bison Ridge, LLC, and
BISON RIDGE, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation, and
AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint to Add Additional Claim for Relief [filed March 25, 2013; docket #60]. Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the Motion without a response from Defendants. For the reasons that follow, the Court RECOMMENDS that Plaintiffs' Motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiffs initiated this action on May 10, 2012, seeking a declaratory judgment and reimbursement of defense costs incurred in various civil actions. (Docket #1.) Plaintiffs moved to amend their complaint on August 17, 2012, to add additional defendants. (Docket #18.) The Court granted the motion on August 21, 2012, and entered Plaintiffs' Amended Complaint as filed. (Dockets ##22, 24.)

After a continuance at Plaintiffs' request, the Court held a Scheduling Conference in this case on August 20, 2012, and issued a Scheduling Order the following day. (Dockets ##21,23.) Pursuant to the Plaintiffs' proposal [*see* docket #16], the Court set the deadline for joinder of parties and amendment of pleadings for October 1, 2012. (Docket #23 at 11.) The discovery cut-off was set for March 27, 2013, and the dispositive motion deadline was April 1, 2013. (*Id.*) Judge Blackburn scheduled the Final Pretrial/Trial Preparation Conference for July 26, 2013, and set a five-day jury trial to commence on August 12, 2013. (Docket #20.)

On October 1, 2012, Plaintiffs moved to extend the deadline for joinder of parties and amendment of pleadings through and including December 1, 2012. (Docket #30.) The Court granted the motion for good cause shown; however, Plaintiffs did not seek leave to amend during that time. (Docket #32.) Plaintiffs filed the pending Motion on March 25, 2013, seeking to add an additional claim for damages and to eliminate its claims against one of the defendants. (Docket #60.)

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P.

15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Because Plaintiffs filed their Motion after the deadline for joinder of parties and amendment of pleadings, accepting the proposed Second Amended Complaint as filed would require modification of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Plaintiffs' demonstrate good cause allowing modification of the Scheduling Order. Second, the Court considers whether Plaintiffs have satisfied the requirements of Fed. R. Civ. P. 15(a).

**I.      Good Cause for Modification under Rule 16(b)**

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* In order to show good cause, Plaintiffs "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

In this case, Plaintiffs provide no explanation for the omission of their damages claim, nor do they address modification of the Scheduling Order at all. Thus, it is not clear to the Court why Plaintiffs failed to include a claim for damages in their Amended Complaint or why they did not move to amend their pleading within the extended deadline established by the Court. In the absence

of an adequate explanation for the delay, the Court finds that Plaintiffs have failed to demonstrate good cause to amend the Scheduling Order, as required by Fed. R. Civ. P. 16(b).

**II.     Leave to Amend Under Rule 15(a)**

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiffs have delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

As noted above, Plaintiffs fail to explain why their claim for damages could not have been added at an earlier stage in the litigation. Thus, the Court finds that the delay is undue. Based upon this finding, it is not necessary for the Court to proceed to analyze whether the proposed amendment suffers from other deficiencies. *See Duncan*, 397 at 1315. Accordingly, the Court recommends that the District Court deny Plaintiffs' Motion for failure to demonstrate good cause to amend the Scheduling Order, and because Plaintiffs' amendment is unduly delayed.

## **CONCLUSION**

The Court concludes that Plaintiffs have not demonstrated good cause to amend the Scheduling Order in accordance with Rule 16(b) and have not shown that justice requires leave to amend under Rule 15(a). Therefore, the Court respectfully RECOMMENDS that Plaintiffs' Motion

for Leave to File Second Amended Complaint to Add Additional Claim for Relief [filed March 25, 2013; docket #60] be **denied**.

      Dated at Denver, Colorado this 5th day of April, 2013.

                            BY THE COURT:

                            */s/ Michael E. Hegarty*

                            Michael E. Hegarty
                            United States Magistrate Judge