IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01223-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, as Subrogee of Bison Ridge, LLC, and
BISON RIDGE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation, and
AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation,

    Defendants.

## PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

This matter is before the Court on the motion of Plaintiffs American Family Mutual Insurance Company and Bison Ridge, LLC (collectively, "Plaintiffs") for a protective order pursuant to Fed.R.Civ.P. 26(c). The Court, being fully advised, orders as follows:

A.    That the Release of Claims agreements entered between the parties in the underlying state court actions that are the subject of this declaratory judgment action, "Hartman" and "Lauro," contain information that is subject to disclosure and discovery in this action;

B.    That the Release of Claims agreements contain covenants of confidentiality that restrict the disclosure of such information without the entry of a court order directing disclosure, under which the parties are required to petition the Court to disclose the information under seal.

C.    That a Protective Order should be entered in this matter that will properly balance the discovery rights of Defendants with the Plaintiffs' rights to protect its confidential and private information without violation of the covenants of confidentiality, and it is therefore:

ORDERED, ADJUDGED AND DECREED:

1. All production and disclosure of the Release of Claim agreements entered between the parties in the underlying state court actions "Hartman" and "Lauro" and any information set forth therein including the amounts, terms and circumstances of the settlements, during this litigation shall be governed by this Order. All such materials and information provided pursuant to this Protective Order shall be used solely and exclusively for the preparation for and conduct of this litigation, and shall not, unless directed by an appropriate Court, be made available, disclosed, or disseminated in any manner for any other purpose. Individuals authorized to review the information and materials pursuant to this Protective Order shall hold the information and materials in confidence and shall not divulge the information and materials, either verbally or in writing, to any person or entity not otherwise authorized to receive the information under this Order unless authorized to do so by Court order.

2. "Confidential Information" means any information that is designated as confidential by the supplying party, including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or at trial, information revealed during depositions, and information revealed in interrogatory answers that pertains to the Release of Claim agreements entered between the parties in the underlying state court actions "Hartman" and "Lauro" and any information set forth therein including the amounts, terms and circumstances of the settlements.

3. All Confidential Information shall be clearly and prominently marked on every single-page document, on at least the initial page or cover of a multi-page document (including deposition transcripts), and in a prominent location on the exterior of any tangible object, by:

a. Placing the designation "CONFIDENTIAL" on the Confidential Information; or

b.     Overlaying language substantially similar to "PRODUCED SUBJECT TO A PROTECTIVE ORDER" on the text of the Confidential Information; or

c.     Otherwise indicating on the face of the Confidential Information that it is subject to the terms of a Protective Order.

4.     Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation, and such letter must be received by counsel for the party making the designation no later than one hundred twenty (30) days after the objecting party received the Confidential Information to which it objects. If the parties are unable to resolve the objection, any party may move the Court to do so. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Protective Order. The party making the designation in question shall bear the burden of justifying that designation in any motion before the Court to modify or strike the designation.

5.     The terms of this Protective Order may be modified only by further order of the Court.

6.     Subject to the provisions of Paragraphs 7 and 8 below, Confidential Information may be disclosed only to the following persons:

a.     The attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

b.     Directors, officers, and employees or former employees of American Family who are assisting, or have involvement, in the defense of the lawsuit;

c.     Court personnel and/or court reporters who are actively engaged in connection with the

preparation for and trial of this litigation;

d.      Expert witnesses retained for consultation or for testimony;

e.      Any witness with prior knowledge of the information to be disclosed.

7.      Prior to the disclosure of any Confidential Information to any person not covered by Paragraphs 6(a) - (c) above, counsel for the party that has received such Confidential Information shall first provide such person with a copy of this Order, and shall require such person to execute the agreement attached as Exhibit 1 to this Order. Counsel for the party that has made Confidential Information available to persons not covered by Paragraphs 6(a) - (c) above is required to send a copy of the executed Exhibit 1 to counsel for the party that produced the Confidential Information, within thirteen days of such third person's receipt of Confidential Information.

8.      The provisions of this Order with respect to Confidential Information shall not apply to information which (a) was, is, or becomes public knowledge, through no violation of this Order; (b) is acquired in good faith from a third party not subject to this Order, such third party being lawfully in possession of such information and able to release it; (c) was possessed prior to receipt of the material asserted to be confidential from a source able to provide it without a breach of confidence; or (d) was or is discovered independently by the receiving party by means that do not constitute a violation of this Order.

9.      This Order shall bind all parties to this litigation until all documents, electronic media, or other tangible materials containing Confidential Information have been returned to the producing party, or all persons who have received Confidential Information have certified the destruction of such information, as detailed herein. Within thirty (30) days after the final termination of this litigation, be it by trial, settlement, or otherwise, Defendants, and all other persons who have received Confidential Information during the course of this litigation in

accordance with Paragraphs 6 and 7 above, shall return to Plaintiffs all copies of such Confidential Information provided to them during the course of this litigation and shall certify in writing that all such documents have been returned; or else shall certify in writing that any documents or copies thereof not so returned have been destroyed.

10. If a document containing Confidential Information is so designated and marked as a deposition exhibit, such exhibit shall, if filed, be filed under seal. If testimony concerning Confidential Information is elicited at a deposition, hearing, or trial, counsel for any party may request that a designated portion of the transcript be treated as Confidential Information. Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the record at the deposition, hearing, or trial. If such a request is made, such portion of the transcript shall be so treated and filed under seal, if it is filed in the record.

11. All documents containing Confidential Information filed with the Court in connection with a motion or otherwise shall be filed under seal.

12. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

13. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any party that any document or information is, or is not, either confidential or admissible in evidence in this action, or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) to have information

not covered by this Order treated as Confidential Information within the meaning of this Order, (ii) additional protection for specific documents or information; or (iii) relief from the provisions of this Order with respect to specific items or categories of documents or information.

14. Nothing contained in this Order shall be construed as preventing counsel from advising their respective clients as to counsel's opinions and conclusions so long as information designated as Confidential Information is not disclosed to persons not properly authorized to receive such information under this Order.

15. This Stipulation and Order shall be construed in accordance with and governed by the laws of the State of Colorado.

Dated and entered Denver, Colorado, this 16th of April, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge