IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01223-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, as Subrogee of Bison Ridge, LLC, and
BISON RIDGE, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation, and
AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation,

      Defendants.

---

## ORDER ON MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Pending before the Court is Defendants American Zurich Insurance Company's and Zurich American Insurance Company's Motion to Compel Responses to Written Discovery [filed April 19, 2013; docket #87] ("Defendants' Motion to Compel").  Concurrently with the Motion to Compel, Defendants also moved for an expedited ruling on the matter. (Docket #88.)  The Court granted the  motion to expedite in part by ordering prompt briefing and oral argument on April 29, 2013.  (Docket #92.)  Upon review of the briefs and in consideration of the arguments presented at the April 29, 2013 hearing, the Court **grants** Defendants' Motion to Compel as set forth herein.

## I.      Background

      Plaintiffs initiated this action on May 10, 2012, seeking a declaratory judgment regarding Defendant Zurich American Insurance Company's duty to defend and indemnify Plaintiff Bison Ridge, LLC ("Bison Ridge") under an insurance policy issued to Hall-Irwin Construction which allegedly provided coverage for contractor Bison Ridge.  (Docket #1.)  Plaintiff Bison Ridge has

been sued in a number of cases related to the development and construction of the lots and residential homes in the Bison Ridge Subdivision. Pursuant to various insurance policies between Bison Ridge and Plaintiff American Family Mutual Insurance Company ("American Family"), American Family has provided Bison Ridge with a defense in three of the four pending cases. Plaintiffs assert that Defendants are required to provide the defense, and thus, seek reimbursement of their litigation costs in the underlying lawsuits.

Defendants served their first set of written discovery on February 22, 2013, and requested, among other items, American Family's claim file for the Underlying Suits ("the Claim File"). Written discovery also included various interrogatories, two of which are disputed in the Motion to Compel. Initially, American Family objected to the request on the basis of privilege. When Defendants' counsel threatened to file a motion to compel on April 17, 2013, counsel for American Family agreed to produce the Claim File by April 22, 2013. (Docket #87 at 2.) Several days later, American Family's counsel called Defendants' counsel to inform him he "had been mistaken," and that American Family would not produce the file as initially promised. (*Id*.)

Defendants filed the pending Motion to Compel on April 19, 2013, seeking the Claim File and supplemental responses to Interrogatory 9 to Bison Ridge and Interrogatory 10 to American Family. Each interrogatory asked the respective parties to identify persons with knowledge of the investigation undertaken to obtain additional insured coverage for Bison Ridge in the underlying suits. (*Id*. at 8.) Defendants' Motion to Compel contends that the responses, which stated only that various attorneys "were responsible for the mailing of tender letters to the additional insured carriers," are inadequate. (*Id*.)

Plaintiffs' response to the Motion to Compel, filed April 24, 2013, represents that Plaintiffs will produce the Claim File and supplement their interrogatory responses. However, as set forth

Defendants' reply, Defendants proceeded with two depositions on April 23, 2013, without the benefit of the Claim File.  Defendants maintain that they are entitled to recover their fees and costs associated with the pending Motion to Compel.

## II.    Discussion

In light of Plaintiffs' agreement to produce the Claim File and to supplement its interrogatory responses, the only issue remaining before the Court is whether to award fees and costs.  Defendants argue that an award of fees and costs is justified because Plaintiffs' inconsistent positions have hindered Defendants' ability to effectively depose Plaintiffs' witnesses. Plaintiffs counter that their failure to produce the claim file was substantially justified because American Family's Claim File is not relevant to Plaintiffs' suit regarding Defendants' insurance policies with Bison Ridge.

Rule 37(a)(5)(A) provides that if the requested discovery is provided after the filing of a motion to compel, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees." (emphasis added).  Rule 37(a)(5)(A) also provides three exceptions, stating that the court must not order costs or fees if: i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" ii) "the opposing party's nondisclosure, response, or objection was substantially justified;" or iii) "other circumstances make an award of expenses unjust."

Based on the Court's review of the briefing and in consideration of the parties' arguments, the Court finds that none of the exceptions apply. First, Defendants' Motion to Compel provides a detailed account of Defendants' attempts to confer before seeking relief from the Court. Second, courts in this district have found that a plaintiff insurance company must produce at least portions

of its claim file in an action for contribution against a defendant insurance company. *Allstate Ins. Co. v. Western Amer. Ins. Co.*, 09-cv-00967-REB-MJW, 2010 WL 3001902, at *3 (D. Colo. July 29, 2010); *Amer. Economy Ins. Co. v. Schoolcraft, M.D., P.C.*, 05-cv-01870-LTB-BNB, 2007 WL 1229308, at *5 (D. Colo. April 25, 2007) (requiring production of portions of the claim file addressing, *inter alia*, settlement of the underlying actions and plaintiff's own assessment of its obligation to pay claims). Aside from asserting a general relevance objection, Plaintiffs have provided no authority for their decision to withhold the Claim File until after Defendants filed their Motion to Compel. Finally, Plaintiffs' failure to timely provide the requested documents prejudiced Defendants by denying them the full benefit of the information during two depositions of Plaintiffs' witnesses.   In light of the harm to Defendants, an award of expenses does not seem unjust. Therefore, the Court finds that Defendants are entitled to an award of their reasonable fees and costs associated with filing the Motion to Compel. Such costs shall be assessed to Plaintiffs.


III.    **Conclusion**

For the reasons set forth above, Defendants American Zurich Insurance Company's and Zurich American Insurance Company's Motion to Compel Responses to Written Discovery [filed April 19, 2013; docket #87] is **granted** as stated herein.   Defendants shall file an affidavit documenting their fees and costs no later than May 8, 2013.  Plaintiffs shall file their objections, if any, to Defendants' request no later than May 13, 2013.

Dated and entered Denver, Colorado, this 3rd of May, 2013.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty

4

United States Magistrate Judge