IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01223-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, as
Subrogee of Bison Ridge, LLC, and
BISON RIDGE, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation, and
AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

The parties have stipulated to the entry of a protective order pursuant to Fed. R. Civ. Pro. 26(c) and F.R.E. 502(d), and have shown of good cause in support of the entry of a protective order to protect the discovery and dissemination of privileged and confidential information and information that is protected from discovery and disclosure as work product or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

A.     Defendants have sought production of certain claim file documents from Plaintiffs that Plaintiffs assert contain privileged and/or confidential information that may be protected by attorney client privilege and work product protection or are otherwise confidential.

B.     Defendants and Plaintiffs are involved in continuing litigation before the Colorado Court of Appeals - the Hartman matter (2013CA0361 and 2012CA1693) - that could result in remand to the state trial court (2009CV651).  Plaintiffs need to protect against Defendants gaining an unfair

advantage through disclosure of such documents by Plaintiffs in this action and use by Defendants of the same in the Hartman matter.

C.      The parties have stipulated to the entry of a protective order pursuant to Fed. R. Civ. Pro. 26(c) and F.R.E. 502(d), and have shown of good cause in support of the entry of a protective order to protect the discovery and dissemination of privileged and confidential information and information that is protected from discovery and disclosure as work product or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.  The parties have stipulated that a Protective Order should be entered in this matter that will properly balance the discovery rights of the Defendants with the Plaintiffs' rights to maintain any attorney-client privilege and/or work product protection for either Plaintiff and the law firm of Lambdin & Chaney and will prevent use by Defendants of any of such materials outside of this litigation, and will prevent further disclosure by Defendants of any such materials or information either internally or externally.

IT IS ORDERED:

1.      Pursuant to F.R.E. 502(d), the Court orders that Plaintiffs may produce certain materials that Plaintiffs contend are not discoverable because they contain privileged communications and other matters that are protected as work product.  The Court orders that, pursuant to Rule 502(d), privilege or work product protection is not waived by production of any such materials in this action.  Further, pursuant to the rule, such disclosure is not a waiver in any other federal or state proceeding.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that contains or implicates privileged communications between the law firm of Lambdin & Chaney and Plaintiffs or information that implicates work product protection arising from the state court action and appeal identified in paragraph B above.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the plaintiff's mother and designated representatives for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under

the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10.      This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated and entered at Denver, Colorado, this 4th day of June, 2013.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

5

*s/ Jon F. Sands*
Jon F. Sands, #10680
Melissa C. Collins, #34285
Sweetbaum Sands Anderson PC
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202

Phone:  (303) 296-3377

Fax:  (303) 296-7343
jsands@sweetbaumsands.com
mcollins@sweetbaumsands.com

ATTORNEYS FOR PLAINTIFFS


*s/ Jane E. Young*

Jane E. Young
Todd E. Jaworsky
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 Quebec St., Suite 100C
P.O. Box 4467
Englewood, CO 80155-4467
Phone: (303) 293-8800
Fax: (303) 839-0036
jyoung@mdmc-lawco.com
tjaworsky@mdmc-lawco.com

ATTORNEYS FOR DEFENDANT

6