IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01223-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, as Subrogee of Bison Ridge, LLC, and
BISON RIDGE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation, and
AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

The parties in this lawsuit have filed opposing motions for summary judgment. *See* Plaintiffs' Motion for Summary Judgment [filed April 15, 2013; docket #74]; Zurich American Insurance Company's and American Zurich Insurance Company's Motion for Partial Summary Judgment and Incorporated Brief in Support Thereof [filed April 15, 2013; docket #70]. The motions are fully briefed, including a surreply, and I have determined that oral argument will not materially assist me in making this Recommendation. For the reasons that follow, I recommend that the Motions be **granted in part** and **denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

## I. BACKGROUND

Plaintiffs initiated this insurance coverage action regarding Defendants' duty to defend and indemnify Plaintiff Bison Ridge, LLC ("Bison Ridge") under an insurance policy issued to Hall-Irwin Construction ("Hall-Irwin"), which allegedly provided coverage for Hall-Irwin's contractor Bison Ridge. (Docket #1.) Plaintiff Bison Ridge was sued in a number of cases related to the development and construction of the lots and residential homes in the Bison Ridge Subdivision in Windsor, Colorado. Pursuant to various insurance policies between Bison Ridge and Plaintiff American Family Mutual Insurance Company ("American Family"), American Family provided Bison Ridge with a defense in three of the four cases. Defendants ultimately tendered a defense in those same three cases but has not paid out any benefits, asserting that it is only liable for a *pro rata* share of defense costs with American Family. Plaintiffs assert that as to these three cases as well as the fourth, Defendants are required to provide the complete defense costs (which include the costs of litigating some affirmative claims) under the relevant insurance contracts, and, in addition, to reimburse the amounts paid in settlement of the cases.

## II. FACTS

Bison Ridge was the developer of the Bison Ridge Subdivision, located in Windsor, Colorado. Hall-Irwin was a subcontractor for Bison Ridge, hired to make site improvements including grading lots. Their contract contained this provision: "Subcontractor authorizes his or her insurance carrier to add Contractor as an additional insured to Subcontractor's General Liability Policy and Workman's Compensation Insurance Policy and to provide Contractor with a 30-day

---

written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

notice prior to its termination or expiration." Accordingly, Hall-Irwin purchased insurance policies from American Zurich Insurance Company (AZIC) for the period January 1, 2003 to December 31, 2004, and from Zurich American Insurance Company (ZAIC) for the period December 31, 2004 to December 31, 2008, which policies contained clauses providing coverage for Bison Ridge related to Hall-Irwin's operations. Under these policies Bison Ridge is an "additional insured." These policies identify themselves as "primary insurance" stating that the Defendants "will not seek contribution from any other insurance available to any additional insured" or, as to the 2008 policy, "will not seek contribution from any other insurance policy available to the additional insured." The Defendants' policies, by their own terms, are "primary" unless the additional insured has a separate "primary" policy.

Bison Ridge purchased its own insurance policies from American Family for the period covering April 15, 2003 to April 15, 2006.[2] Bison Ridge's policies state that they are excess over any primary policy under which Bison Ridge is insured as an additional insured.

Bison Ridge was named as a defendant in four lawsuits which concerned grading work on the Bison Ridge Subdivision. These are *Stickler v. Becker Communities, LLC, et al.*, 2009cv1006 (Larimer County District Court); *Hartman v. Hiett Construction Inc., et al.*, 2009cv651 (Larimer County District Court); *Lauro v. Shear Engineering Corporation, et al.*, 2010cv801 (Larimer County District Court); and *McWilliams v. Bison Ridge, LLC*, 2011cv616 (Larimer County District Court). Generally, the lawsuits alleged that the grading work resulted in shifting soils that damaged existing homes or made the unimproved lots unsuitable for home construction.

In each of the first three lawsuits, Bison Ridge tendered the case to the Defendants and to

---

[2]Defendants' policies were effective January 1, 2003 to December 31, 2008. American Family's policies were effective April 15, 2003 to April 15, 2006.

American Family. American Family defended Bison Ridge in each of those cases, and, although Defendants originally rejected the tender, Defendants ultimately agreed to pay *pro rata* reasonable defense fees and costs, although they have not paid any money to date. The *McWilliams* suit involved the unimproved lot. Neither American Family nor Defendants agreed to defend that lawsuit.

Plaintiffs have alleged $414,073.69 in defense fees and costs for the first three suits, along with an incrementally smaller amount paid out for settlements in those cases. The *McWilliams* case cost Bison Ridge $10,844.82 in fees and costs and $40,000 to settle.

For the first three lawsuits, Defendants have admitted that the "Zurich policies" cover Bison Ridge "for liability arising out of Hall Irwin's work or liability resulting from Hall Irwin's negligence." They have also admitted that Bison Ridge's American Family policies are excess to the Defendants' policies for property damage resulting from Hall-Irwin's "negligence," "work," "acts," and "omissions." Finally, Defendants admit they have a duty to defend Bison Ridge. What Defendants do allege is that American Family had a parallel obligation to defend, thus requiring a *pro rata* division for defense costs and fees between the two. They also allege that the three lawsuits allege claims that go beyond their coverage, *i.e.*, beyond the actions of Hall-Irwin. These include allegations against Bison Ridge for engineering and supervisory activities. Moreover, Defendants reject any coverage for the *McWilliams* case because it does not involve any property damage or loss of use of tangible property, and its primary focus is a breach of contract by Bison Ridge. Finally, Defendants contend that a determination of any obligation to indemnify Bison Ridge is premature.

### III. DISCUSSION

A.     **LEGAL STANDARDS FOR SUMMARY JUDGMENT**

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). However, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Id.* at 324.

That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws

all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

**B.     INTERPRETATION OF INSURANCE CONTRACTS**

This is a diversity case. Therefore, the Court applies Colorado law. *Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108-09 (10th Cir. 2002). Insurance policies are subject to principles of contract interpretation. *Bailey v. Lincoln Gen. Ins. Co.,* 255 P.3d 1039, 1050 (Colo. 2011). Although the ultimate aim is to effectuate the contracting parties' intentions, *id.*, the Colorado Supreme Court has declared that insurance policies are not ordinary, bilateral contracts, *id.* at 1049, and insurance policies "'must be given effect according to the plain and *ordinary* meaning' of their terms." *Id.* at 1050-51 (citation omitted) (emphasis in original). This is to ensure that the reasonable expectations of an ordinary person who purchased a policy will be fulfilled. *Id.* at 1051. "If, based on how an ordinary, objectively reasonable insured would read the whole policy, the question of whether certain coverage exists is 'susceptible to more than one reasonable interpretation,' *Cary v. United of Omaha Life Ins. Co.,* 108 P.3d 288, 290 (Colo. 2005), then the coverage provisions are ambiguous, to be construed against the insurer as the drafter of the policy." *Bailey*, 255 P.3d at 1051. However, although Colorado courts subject an insurance contract to scrutiny for provisions that unduly compromise an insured's interests and may be, therefore, rendered unenforceable, courts are not to re-write clear and unambiguous provisions. *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 820 (Colo. 2002).

**C**.     **ANALYSIS OF THE PARTIES' RESPECTIVE MOTIONS**

**1.     DEFENDANTS OWE A SOLE DUTY TO DEFEND BISON RIDGE**

Defendants have confessed at least a *pro rata* obligation to defend Bison Ridge. I believe this obligation extends to all four cases, and it is a sole obligation. The *McWilliams* complaint

alleges that the soil work was conducted in such a manner as rendered the lot unstable and not suitable for building. Hall-Irwin did the soils work. I agree with Plaintiffs that under the insurance contract, Hall-Irwin's allegedly defective work may constitute an "occurrence" resulting in the loss of use of tangible property, which are sufficient allegations to trigger a duty to defend.

I also agree that as to the duty to defend, the Defendant's policies are primary and American Family's are excess. This is the plain and ordinary meaning of the contracts at issue. However, I do not believe the Court can enter summary judgment on the amounts alleged by Plaintiffs for fees and costs. Defendants are liable only for reasonable fees and costs. Plaintiffs have submitted an insufficient factual record for this Court to make a determination as a matter of law that all amounts paid for fees and costs are reasonable.

### 2. DEFENDANTS OWE A SOLE DUTY TO INDEMNIFY IN SOME AMOUNT

I believe the complaints in all four civil actions are sufficiently clear as to trigger Defendants' legal and sole obligation to indemnify, based on their policies being primary and American Family's excess. The amount of such obligation, however, cannot be determined on summary judgment at this time. In their reply brief, Plaintiffs state that "[i]n determining whether the Defendants owe indemnification for the settlements, the inquiry is limited to whether the settlements were reasonable based on the facts and discovery known by the Plaintiffs at the time of each settlement." Plaintiffs have submitted an insufficient factual record for this Court to make a determination as a matter of law that all amounts paid in settlement are reasonable. Further, at least in the *McWilliams* case, Bison Ridge may well have paid monies in settlement for claims that are not covered under the Defendants' policies, *e.g.*, the allegations of breach of contract.

### 3. A TRIAL IS NECESSARY AS TO REASONABLENESS OF FEES, COSTS AND

**SETTLEMENTS**

As noted above, I believe that the current record is insufficient to allow the Court to find, as a matter of law, that the requested fees, costs and settlement amounts are reasonable, particularly given the fact that they are between $500,000 and $1,000,000. Plaintiffs have the burden of production regarding amounts that they are due, and I believe they have met that burden simply by putting forth an accurate accounting of the amounts expended. Defendants should be permitted to attack the reasonableness of those amounts. Although it may be practically difficult for Plaintiffs to support the reasonableness of fees, costs and settlements without expert testimony, I do not believe the lack of such evidence bars the claims as a matter of law.

### 4. THE DUTY TO DEFEND INCLUDES REPRESENTATION ON AFFIRMATIVE CLAIMS

Defendants argue in their partial motion for summary judgment that if they do have a duty to defend Bison Ridge, such duty does not extend to third-party claims brought by Bison Ridge to minimize its exposure or attain indemnification for any amounts for which it is liable in the underlying state court lawsuits. I agree with Plaintiffs that not only is such a position inconsistent with the weight of authority, but it makes little practical sense as well.

> As to whether Hartford must pay attorneys' fees for Vita Craft's pursuit of counterclaims in the TSI suit, Vita Craft points to authority finding that an insurer must pay the insured for defense of its counterclaims when either (1) the counterclaims reach the same or similar issues as the underlying plaintiff's claims so that the claims are intertwined; or (2) the counterclaims are part of the insured's defensive strategy to reduce its liability. *Smart Style Indus., Inc. v. Pa. Gen. Ins. Co.,* 930 F. Supp. 159, 164–65 (S.D.N.Y.1996) (insurer required to pay insured's attorneys' fees incurred prosecuting affirmative claims for declaratory relief where costs for defending and prosecuting inseparable); *TIG Ins. Co. v. Nobel Learning Cmtys., Inc.,* No. Civ. A. 01–4708, 2002 WL 1340332, at *15 (E.D. Pa. June 18, 2002) (insured's claims critical to and "inextricably intertwined" with defense of copyright infringement claim). As the Court noted in *Great West Casualty Co. v. Marathon Oil Co.,* 315 F. Supp.2d 879, 881, 883 (N.D. Ill.2003), "the authority appears virtually uniform in holding that there is a class of affirmative claims which, if successful, have the effect of reducing or eliminating the insured's liability and that

> the costs and fees incurred in prosecuting such 'defensive' claims are encompassed in an insurer's duty to defend .... A duty to defend would be nothing but a form of words if it did not encompass all litigation by the insured which could defeat its liability, including claims and actions for contribution and indemnification." Hartford has not articulated any opposition to Vita Craft's claim that it must pay attorneys' fees incurred in pursuing its counterclaims, and the Court therefore finds that Vita Craft is entitled those fees.

*Hartford Fire Ins. Co. v. Vita Craft Corp.*, No 10-2637-KHV, 2012 WL 6003027, *13 -14 (D. Kan. Dec. 3, 2012) (unpublished). It is illogical that an insurer must represent the insured in a civil action in which the insured is named as a defendant but have no duty to assert necessary and appropriate claims on its behalf that would impact the insured's exposure, especially when, as here, the affirmative claims appear to be inextricably intertwined with the defense of the case. *See Post v. St. Paul Travelers Ins. Co.* 644 F. Supp. 2d 597, 599 (E.D. Pa. 2009) ("[I]f the [affirmative] claims are "part of the same dispute," "could defeat or offset liability," and are "inextricably intertwined" with and "necessary to the defense" of the covered claim, the insurer is liable."). I believe this comports with the Colorado Supreme Court's view on the scope of the duty to defend. *Nunn v. Mid-Century Ins. Co.*, 244 P.3d 116, 124 (Colo. 2010) ("[A]n insurer seeking to avoid its duty to defend bears a 'heavy burden,' which 'comports with the insured's legitimate expectation of a defense.'") (citations omitted).

## IV. CONCLUSION

For the reasons stated herein, I recommend that Plaintiffs' Motion for Summary Judgment [filed April 15, 2013; docket #74] be **granted** except insofar as the reasonableness of fees, costs and settlement amounts. Further, I recommend that Zurich American Insurance Company's and American Zurich Insurance Company's Motion for Partial Summary Judgment and Incorporated Brief in Support Thereof [filed April 15, 2013; docket #70] be **denied** except insofar as it requests

a ruling that Plaintiffs have not established, as a matter of law, the reasonableness of fees, costs and settlement amounts**.**

Dated at Denver, Colorado, this 28th day of June, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge