**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01223-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, as Subrogee of Bison Ridge, LLC, and
BISON RIDGE, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation, and
AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation,

    Defendants.

**ORDER RE:  RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#136],[1] filed June 28, 2013; and (2) **Zurich's Objection Pursuant to Fed. R. Civ. P. 72(a) to Doc. No. 136, Recommendations of United States Magistrate Judge Michael E. Hegarty Regarding Plaintiffs' Motion for Summary Judgment (Doc. No. 74)** [#137], filed July 12, 2013.  I sustain the objection of Zurich and respectfully reject the recommendation in part and adopt it in.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed. Thus, I have considered carefully the recommendation, defendants' objections, and the applicable

---

[1] "[#136]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

caselaw.

The matters referred to the magistrate judge for recommendation were (1) **Zurich American Insurance Company's and American Zurich Insurance Company's Motion for Partial Summary Judgment and Incorporated Brief in Support of Thereof** [*sic*], [#70], filed April 15, 2013; and (2) plaintiffs' **Motion for Summary Judgment** [#74], filed April 15, 2013.  The magistrate judge recommends that plaintiffs' motion be granted in part and denied in part and that defendants' motion be denied.  More specifically, the magistrate judge recommends that plaintiffs are entitled to summary judgment on their claims that defendants owed them both a duty to defend and a duty to indemnify against the claims asserted in the underlying lawsuits.  He recommends that the motion be denied only insofar as it seeks a pretrial determination of the reasonable attorney fees and costs incurred in connection with the settlement of the suits.

With respect to defendants' motion for partial summary judgment, the magistrate judge recommends that it be denied; in particular, he suggests that defendants were required to reimburse plaintiffs not only the costs of defending claims brought against them, but also the costs associated with their affirmative claims against other parties involved in the projects against whom plaintiffs filed affirmative claims for indemnity and/or contribution.

Although defendants assert that they object to the magistrate judge's recommendation concerning the duty to defend, they offer no argument to substantiate any such objection.  Moreover, I agree with the magistrate judge that defendants had a

duty to defend their insureds with respect to the three underlying lawsuits alleging damage to existing homes. However, I find that plaintiffs have not shown that defendants had a duty to defend against the **McWilliams** lawsuit, which alleged damage only to the value of an undeveloped lot.[2] More specifically, plaintiffs have presented neither argument nor evidence to suggest that the land itself constitutes "tangible property," the loss of use of which might come within the ambit of the relevant policies. My own research indicates that it may not. **See Coregis Insurance Co. v. Law Offices of Phillip S. Decaro, P.C.**, 2000 WL 1369845 at *3-4 (10th Cir. Sept. 22, 2000); **Lamar Truck Plaza, Inc. v. Sentry Insurance**, 757 P.2d 1143, 1144 (Colo. App. 1988). Indeed, plaintiff American Family itself denied Bison Ridge's request for a defense in **McWilliams** based on a similar limitation in its own policy of insurance. I therefore respectfully reject the magistrate judge's recommendation regarding the duty to defend and deny plaintiffs' motion for summary judgment to this extent.

I further reject the magistrate judge's recommendation that defendants be found to have had a duty to defend the third-party claims that Bison Ridge filed against additional parties seeking indemnity or contribution for the damages claimed in the various underlying lawsuits. The insurer's duty to defend is broad, but it is limited by the language of the policy of insurance. **Flannery v. Allstate Insurance Co.**, 49 F.Supp.2d 1223, 1229 (D. Colo. 1999); **Kane v. Royal Insurance Co. of America**, 768 P.2d 678, 683 (Colo. 1989). The policies that define that duty here provide that defendants

---

[2] Although defendants did not specifically object to the recommendation on this basis, I find the error in this regard to constitute plain error. **See Morales–Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).

agrees to defend the insured "against" any "suit seeking damages" for, *inter alia*, "property damage." (**Def. Motion App.**, Exh. I § 1(a).)  None of the decisions of courts from other jurisdictions, on which plaintiffs rely, convinces me that this language means more than what it plainly and specifically says.  Even if claims are defensive in nature or seek to avoid or minimize the insured's ultimate liability – even if they are "intertwined" with the claims against the insured and efficiency and good policy reasons suggest that they be tried and determined together – they are not part of the insurer's contractual agreement defining the scope of its duty to defend its insured.  Accordingly, defendants' objection to this portion of the recommendation will be sustained, and their motion for summary judgment on that issue will be granted.

Finally, I disagree with the magistrate judge that there are no genuine issues of material fact regarding whether defendants owe a duty to indemnify plaintiffs for the amounts of the settlements and associated costs and fees.  The duty to indemnify is not as broad as the duty to defend, encompassing only claims that are actually (as opposed to potentially) covered by the policy of insurance.  ***See Greystone Construction v. National Fire & Marine Insurance Co.***, 2013 WL 1324600 at *8-9 (D. Colo. March 31, 2013); ***Cotter Corp. v. American Empire Surplus Lines Insurance Co.***, 90 P.3d 814, 830 (Colo. 2004).  Plaintiffs have not presented sufficient evidence or analysis to show that the facts that informed the settlements in the underlying cases bring them within the ambit of defendants' contractual duty to indemnify.  Instead, they rely largely on the allegations of the underlying complaints, which alone do not define the scope of the duty to indemnify, ***see Cyprus Amax Minerals Co. v. Lexington Insurance Co.***, 74 P.3d

294, 298 (Colo. 2003), and various unverified expert reports, which are not proper summary judgment evidence, *Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1462-63 (D. Colo. 1997).  Moreover, defendants' expert report plainly creates genuine issues of material fact regarding whether other parties may be responsible for some or all of the damages claimed in the underlying lawsuits.  Plaintiffs' mere unsubstantiated *ipse dixit* that the settlements accounted for the comparative liabilities of the other potentially liable parties is not sufficient to sustain their burden of proof on summary judgment

**THEREFORE, IT IS ORDERED** as follows:

1.  That the objections stated in **Zurich's Objection Pursuant to Fed. R. Civ. P. 72(a) to Doc. No. 136, Recommendations of United States Magistrate Judge Michael E. Hegarty Regarding Plaintiffs' Motion for Summary Judgment (Doc. No. 74)** [#137], filed July 12, 2013, are **SUSTAINED**;

2.  That the **Recommendation of United States Magistrate Judge** [#136], filed June 28, 2013, is **REJECTED IN PART** and **APPROVED AND ADOPTED IN PART** as follows:

    a.  That the recommendation to deny **Zurich American Insurance Company's and American Zurich Insurance Company's Motion for Partial Summary Judgment and Incorporated Brief in Support of Thereof** [*sic*] [#70], filed April 15, 2013, is respectfully **REJECTED**;

    b.  That the recommendation is also **REJECTED** to the extent it recommends that plaintiffs' **Motion for Summary Judgment** [#74], filed April 15,

2013, be granted on the following issues:

 (1) whether defendants had a duty to defend in the *McWilliams* lawsuit; and

 (2) whether defendants had a duty to indemnify plaintiffs with respect to all four underlying lawsuits;

c. That in all other respects, the recommendation is **APPROVED AND ADOPTED** as an order of this court;

2. That **Zurich American Insurance Company's and American Zurich Insurance Company's Motion for Partial Summary Judgment and Incorporated Brief in Support of Thereof** [*sic*] **[#70]**, filed April 15, 2013, is **GRANTED**;

3. That plaintiffs' **Motion for Summary Judgment [#74]**, filed April 15, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. That the motion is **GRANTED** insofar as it seeks declarations:

 (1) that Bison Ridge was an additional insured under the apposite policies of insurance and that those policies are primary; and

 (2) that defendants had a duty to defend plaintiffs in the *Stickler*, *Lauro*, and *Hartman* lawsuits; and

b. That in all other respects, the motion is **DENIED**.

Dated July 25, 2013, at Denver, Colorado.

       **BY THE COURT:**

       */s/ Robert E. Blackburn*
       Robert E. Blackburn
       United States District Judge